By the Court.
The plaintiff in error, The Citizens Exchange Telephone Company, made application to the Public Utilities Commission, pursuant to the provisions of Section 614-52, General Code, for a certificate granting to it the right to establish and operate a plant for the furnishing of telephone service in the village of Metamora, Ohio, and vicinity, claiming the same to be necessary for the public convenience. Before the commission much evidence was adduced upon the question of the adequacy of the service furnished by The Metamora Telephone Company, which has maintained and operated an exchange and plant there since 1903, and the telephone plant and exchange of that company was inspected and examined by a representative of the commission. After such investigation *571 the commission found that the public convenience did not require the installation and operation of a second telephone exchange at Metamora and refused to grant the application of the plaintiff in error. Thereafter, an application for rehearing having been denied, error was prosecuted to this court to procure a reversal of the action of the Public Utilities Commission on the ground that the same was unreasonable and unlawful.
Metamora is a village in Fulton county, about one-half mile from the Michigan line. The commission found that the Citizens Exchange company was organized by men who had theretofore been active in the promotion of the extension to the village of Metamora of lines connected with The Ogden Mutual Telephone Company. The exchange of that company, is located in the village of Ogden, Michigan, seven or eight miles north of the Michigan line, and it had a number of patrons in the territory between Metamora and Ogden. The Citizens Exchange Telephone Company was promoted and organized on account of the refusal of the Metamora company to establish free switching service with The Ogden Mutual Telephone Company and other small exchanges having lines in the territory adjacent to that occupied by the lines of The Metamora Telephone Company for the accommodation of patrons of those various lines and to meet the wishes of those business men of Meta'mora who naturally desired to have direct telephone connection with territory which they asserted was or could be made commercially tributary to the village of Metamora, the purpose of such promotion *572 being to establish an exchange in Metamora which would necessarily and admittedly result in a duplication of service in that vicinity. Previously in an action brought in the common pleas court, and appealed to the court of appeals, the court of appeals found for the plaintiff and ordered that the construction and operation of duplicate lines and a second telephone plant in Metamora be enjoined until there had been obtained from the Public Utilities Commission of Ohio a permit so to do.
The commission found thát The Metamora Telephone Company had an up-to-date plant, with full metallic system, fully capable of adequately serving the territory in and about Metamora, and that no complaint of the manner of service or its quality had been made, but that efforts to parallel and duplicate its lines were based upon the differences above referred to. The finding of the commission that the public convenience does not demand or require the installation of a second telephone exchange contained the statement that “A certificate of convenience and necessity should be applied for only when the plant of the existing company is not adequate to meet the demands of the public and cannot be made so.” It has been urged that the commission thereby extends the application of the statute beyond its purpose and intent, so expressed by the terms thereof, and that the question to be determined by the commission is, not whether the service of the existing company can be made adequate, but whether “there is in operation a telephone company furnishing adequate service.” It is quite apparent that when the entire finding of the *573 commission is considered, together with the record, it is not subject to such criticism, for the commission further found that the Metamora company had an up-to-date plant and was rendering good service and that it was equipped to meet the demands of subscribers within the bounds of the territory properly occupied by its lines.
Whether there should be a single or dual telephone service is a question of policy upon which there may be ample ground for difference of' opinion, but as pointed out in the case of Ashley Tri-County Mutual Telephone Co. v. New Ashley Telephone Co., 92 Ohio St., 336, and the more recent case of Celina & Mercer County Telephone Co. v. The Union-Center Mutual Telephone Assn., ante, 487, the determination of that question of policy is a legislative function and has been exercised by the general assembly of Ohio by action clearly within its constitutional power. The manner of regulating telephone companies provided by the law of this state is the plan adopted quite generally by the several states. These provisions in no wise offend against any provisions of the federal laws relative to interstate commerce.
The Public Utilities Commission acted within the authority conferred upon it by Section 614-52, General Code, and we are unable to find that its action herein was unreasonable or unlawful, and therefore its order is affirmed.

Order affirmed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., dissents.